# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GRANNAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>vs.<br><br>ALLIANT LAW GROUP, P.C.,<br><br>      Defendant. | CASE NO. CV 10 – 02803 HRL<br>__CLASS ACTION__<br><br>__ORDER OF PRELIMINARY APPROVAL<br>OF CLASS ACTION SETTLEMENT__<br>AS AMENDED BY THE COURT<br>Date: _____, 2011<br>Time: _____<br><br>Judge:     **HON. HOWARD R. LLOYD**<br>Courtroom:   2 |

On _April 27_, 2011, after extensive arms-length negotiations, Plaintiff Patrick Grannan ("Plaintiff") and Defendant Alliant Law Group, P.C., ("Alliant" or "Defendant" herein, and both Plaintiff and Defendant are jointly referred to herein as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

Pursuant to their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"), the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(2) and (b)(3) settlement class and preliminary approval of the proposed class action settlement.

The Court has read and considered the Agreement, Preliminary Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT: The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class members, especially in light of the benefits to the Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals. Provided that the Settlement is finally approved, the Court will enter the Stipulated Injunction upon entry of the Final Judgment and Order of Dismissal With Prejudice. The Court finds that the Agreement is sufficient to warrant notice of the Settlement to persons in the Class and a full hearing on the approval of the Settlement.

3. CAFA NOTICE: In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant shall serve written notice of the proposed class action settlement on the U.S. attorney general and the attorney general of each state.

4. CLASS MEMBERS: Pursuant to Fed. R.Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class members with respect to the claims asserted in the Lawsuit:

"Class" means all persons within the United States to whom any telephone calls were made by Alliant or any of the other Released Parties between June 25, 2006 and the date of Preliminary Approval to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or by the use of an artificial or prerecorded voice, without such person's prior express consent. That Class consists of the owners of those 137,981 number of unique cell phones when they were called in that time period and thus those persons identified as one of the approximately 137,981 persons are the only persons in the Class, as provided in discovery, and agreed upon in a final list of Class members and as agreed upon as Class members by the Parties.

Excluded from the Class are:

       (a)      the officers, directors, and employees of Alliant, the members of the immediate families of the foregoing, and their respective legal representatives, heirs, successors and assigns;

       (b)      the officers, directors and employees of any parent, subsidiary or affiliate of Alliant, and the members of the immediate families of the foregoing;

       (c)      Counsel for Alliant and Class Counsel and the members of their respective immediate families.

5. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Patrick Grannan as the Class Representative and the Law Offices of Douglas J. Campion as Class Counsel.

6. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and

and the proposed Direct Mail Notice and Form
Questions and Answers to be posted on the Settlement
Website (as amended by the Court)

1  substance of the proposed notice procedure set forth in the Agreement. A press release shall issue

2  by Class Counsel about the Settlement and how Class Members can learn about the Settlement.

3  As provided in the Agreement, Defendant Alliant shall provide the most current addresses for the

4  Class members obtained from its databases to Claims Administrator Gilardi & Co.  Gilardi & Co.

5
6  shall mail a postcard-type Notice to each Class Member at their last known address as provided by

7  Defendant, and attempt to update those addresses for which a postcard is returned, then send a

8  follow-up postcard to those addresses for which a more current address was obtained.  The

9  postcard shall reference a website established for this Settlement, and that website shall contain

10  the full details of the Settlement.  The postcard shall also contain the Claims Administrator's toll

11  free telephone number so that the Class Members can inquire about the Settlement and also make

12  a claim over the telephone.  The Claims Administrator shall also publish a summary Notice one

13  time in the USA Today as set forth in the Agreement.  At least ten (10) days prior to the Final

14  Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice

15
16  procedures as set forth in the Agreement.  The form and method for notifying the Class Members

17  of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P.

18  23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances.

19  The Court finds that the notice process is designed to advise the Class Members of their rights.

20  Further, the Court finds that the claims process set forth in the Agreement is the best practicable

21  procedure under the circumstances.

22

23          7.  CLAIMS PROCESS:  The Court preliminarily approves the process set forth in

24  the Agreement for submitting, reviewing, approving and paying all claims from the $1,000,000.00

25  Settlement Fund, and for paying the costs of notice and claims administration, incentive payment

26  and attorneys' fees and costs from that Settlement Fund.

27
          8.  CLASS CERTIFICATION:  The Court preliminarily finds that the Lawsuit
28

Order of Preliminary Approval of Class Action Settlement          CASE NO. CV 10 – 02803 HRL

satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

        A. The Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

        B. There are questions of law and fact common to the Class members, which predominate over any individual questions;

        C. The claims of Plaintiff are typical of the claims of the Class members;

        D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class members; and

        E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

        9. <u>EXCLUSIONS</u>: Any Class member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than September 26, 2011, (i.e., ~~approximately 95~~ 96 days after entry of Preliminary Approval Order.) The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing. A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

        10. To be effective, the written request for exclusion must contain the person's full name and address and be signed by the Class member. They must also state generally that they wish to be excluded from the settlement.

        11. Any Class member who submits a valid and timely request for exclusion shall

not be bound by the Agreement or settlement.

12. <u>OBJECTIONS</u>: Any Class member who intends to object to the fairness of the Settlement must file a written objection with the Court, at United States District Court, Northern District of California, Office of the Clerk, 280 South 1st Street, San Jose, CA 92113, no later than September 26 , 2011 (i.e., approximately 95 ~~96~~ days after entry of Preliminary Approval Order.) Further, any such Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the website's notice advising the Class members about objections.

13. To be considered, the written objection must be signed by the Class member and state: the Class member's full name, address and telephone number, the reasons for the objection, and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel. Further, the Class member must attach to the written objection any documents supporting the objection.

14. Any Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

15. <u>FINAL APPROVAL HEARING</u>: Judge Howard R. Lloyd shall conduct a hearing (hereinafter the "Final Approval Hearing") on November 1 , 2011, at 10:00 a.m. (approximately 130 ~~132~~ days after entry of Preliminary Approval Order) at United States District Court, Northern District of California, 280 South 1st Street, Courtroom 2 , San Jose, CA 92113 ~~95113~~ to review the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class members and should be approved by the Court;

C.      Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties;

D.      Whether the attorneys' fees and costs, and the incentive payment requested, should be approved by the Court; and

E.      To discuss and review other issues as the Court deems appropriate.

16.     Attendance at the Final Approval Hearing is not necessary.   Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

17.     REPORT AND RECOMMENDATIONS:      Following the Final Approval Hearing, The Court shall consider all issues and the record, and shall enter a Final Judgment and Order of Dismissal With Prejudice as it deems appropriate.

18.     MISCELLANEOUS PROVISIONS:      The Agreement and this Order shall be null and void if any of the following occur:

A.      The Agreement is terminated by any of the Parties for failure of any consideration under the Agreement, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.      The Court rejects, in any material respect, the Final Judgment and Order of Dismissal With Prejudice substantially in the form and content attached to the Agreement and / or the Parties fail to consent to the entry of another form thereof;

C.      The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties;

D.      The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise;

19.    If the Agreement and this Order are voided under paragraph 18, then the Agreement shall have no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

20.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated:      June 22, 2011
                                        _____
                                        THE HONORABLE HOWARD R. LLOYD
                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**

*Patrick Grannan v. Alliant Law Group, PC,* Case No.: C 10-02803 HRL (USDC, N.D.Cal., San Jose Div.)

**THIS CARD PROVIDES LIMITED INFORMATION ABOUT THIS SETTLEMENT.**
You received this card because Alliant Law Group, PC's ("Alliant") records indicate you were called by them on your cell phone allegedly in violation of the Telephone Consumer Protection Act ("TCPA") and as a result, you are entitled to a cash payment. Alliant made such calls as a debt collector. Your rights may be affected by a proposed class action Settlement of similar claims against Alliant. If the Court approves the Settlement in its Final Approval Hearing, the Settlement would resolve a lawsuit in which plaintiff alleges that Alliant called persons on their cell phones in violation of the TCPA by using an autodialer or by a prerecorded voice message, without the prior express consent of the person called. Plaintiff brought this suit on his own behalf and on behalf of all 137,981 persons Alliant called on their cell phones after June 25, 2006 in that manner without their prior express consent (the "Settlement Class"). Alliant denies the allegations.

To settle this lawsuit, Alliant has agreed to pay a maximum of $1,000,000 (one million dollars) into a Common Fund. The amount remaining in the Common Fund after deducting all attorneys' fees and costs of litigation, an incentive award to Plaintiff, and all related costs of notice and claims administration and all other case-related expenses, is the Claims Fund. That Claims Fund will be distributed equally to all Settlement Class members that submit valid claims. Any person in the Settlement Class that submits a valid claim will receive a cash amount in settlement of the case. The amount paid to each person for their claim will depend on the total amount of claims submitted because the Claims Fund will be divided on a *pro rata* basis, with each person submitting a valid claim receiving an equal amount of the Claims Fund.
The Settlement will release all claims that the Settlement Class Members may have against Alliant for claims related to being called on their cell phones in violation of the TCPA in the period June 25, 2006 to the date of Preliminary Approval of the Settlement, if they are in the group of 137,981 Settlement Class Members, unless the individual excludes him/herself from the Settlement.
To receive a settlement payment under the Settlement, you must do any one of the following three options.
  1. Call Gilardi & Co., the Claims Administrator at [#]; or
  2. Submit a claim on the Claims Administrator's website [fill in]; or
  3. Mail a completed claim form to the Claims Administrator at Gilardi & Co., Alliant Settlement, [address]. To obtain a claim form, you can call the Claims Administrator at [#] or go to their website and print a claim form.
In each option, you must provide your name and current mailing address for mailing the payment. In case of conflicting identities that do not match our data, you may be required to provide other identifying information such as a prior address we have on record, the cell phone number called or other information the Claims Administrator may require. In the limited number of cases where the name of the owner of the cell phone called by Alliant is unknown, and your name is not on the list of cell phone owners but you believe you were called by Alliant since June 25, 2006, you will be required to provide your cell phone number that was called by Alliant in order to submit a claim.

ANY IDENTIFYING INFORMATION PROVIDED TO THE CLAIMS ADMINISTRATOR WILL NOT BE PROVIDED TO THE DEBT COLLECTOR ALLIANT, AS PROVIDED IN THE COURT ORDER APPROVINGTHE SETTLEMENT AGREEMENT'S TERMS.
You may obtain complete information about the Settlement (including a Long Form Notice about the Settlement) and information about deadlines, by visiting the Gilardi & Co. website set forth above. They will send you a Long Form Notice if you call them at their above number or you have one mailed to you if you write to them at the above address.
**IF YOU DO NOT WISH TO BE PART OF, OR IF YOU WISH TO OBJECT TO, THIS SETTLEMENT,** you may exclude yourself or file an objection with the Court. To exclude yourself, you must mail a Request for Exclusion Form, postmarked no later than _____, 20___. to Alliant Settlement Administrator, c/o Gilardi & Co., _____,Larkspur, CA 94977-6002. If you do not submit a written Request for Exclusion, you will be bound by the Final Judgment entered in the class action.

To object to the settlement, you must file an objection with the Court by no later than _____, 2011. The Court, located at 280 South 1st Street, San Jose, CA 92113, will conduct a hearing on whether to approve the Settlement, and if so, will determine what fees and expenses should be awarded to class counsel. The attorneys are seeking to be paid from the Common Fund attorney fees not to exceed $250,000 and litigation expenses of no more than $30,000 and the expenses for notice and claims administration in an amount not expected to exceed $150,000. The hearing is presently scheduled for _____, 2011, but may be changed. Any Settlement Class Member may enter an appearance with the Court through an attorney. If you have already submitted a claim or excluded yourself from the Settlement, you need not take any further action.
*Go to www._____.com or call 800._____ for additional information.* **Para ver este aviso en español, visite www._____.com**

# EXHIBIT C
## AS AMENDED BY THE COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### CASE NO. C 10-02803 HRL

*A court authorized this notice. This is not a solicitation from a lawyer.*

TO:     **All 137,981 Persons in the United States that were called on their cellular
phones by debt collector Alliant Law Group, PC ("Alliant") at any time after
June 25, 2006 to the date of Preliminary Approval of this Settlement.**

The purpose of this Notice is: (a) to advise you of a proposed settlement (the
"Settlement") of this civil action ("Action") against Alliant in the U. S. District Court for
the Northern District of California (the "Court"); (b) to summarize your rights under the
Settlement, including the possibility that you may receive a settlement check; (c) to
inform you of a court hearing to consider the final approval of the Settlement (the
"Fairness Hearing" or "Final Approval Hearing"); (d) to advise you how to make a claim
for a portion of the Settlement Fund; and (e) to inform you how to obtain additional
information.

The Action claims that Defendant Alliant violated the Telephone Consumer
Protection Act ("TCPA"), 47 U.S.C., Section 227(b)(1)(A)(iii), by calling approximately
137,981 persons on their cellular phones, in part to collect debts allegedly owed by Class
Members.

Those persons were called on their cell phones by Defendant Alliant and they
make up the Settlement Class, defined in the Settlement Agreement as belonging to the
"Class", and they are eligible for a monetary payment of a pro rata share of the Claims
Fund, as defined below.   Those Members of the Class are defined in the Settlement
Agreement as:

All persons within the United States to whom any telephone calls were made by
Alliant or any of the other Released Parties between June 25, 2006 and the date of
Preliminary Approval to such person's cellular telephone, paging service,
specialized mobile radio service, other radio common carrier service or any
service for which the called party is charged for the call, through the use of any
automatic telephone dialing system which has the capacity to store or produce
numbers (whether or not such capacity was used), including, without limitation,
an automated dialing machine dialer, auto-dialer or predictive dialer, or by the use
of an artificial or prerecorded voice, without such person's prior express consent.
That Class consists of the owners of those 137,981 number of unique cell phones
when they were called in that time period and thus those persons are the only
persons in the Settlement Class, as provided in discovery, and agreed upon in a
final list of Class members and as agreed upon as Class members by the Parties.

Under the Settlement, and subject to Court approval, Alliant will pay a sum of
money to each of those 137,981 persons that Alliant called on their cell phones if those

1

persons make a timely claim, either by telephone, online or by letter, as detailed below.

To settle this lawsuit, Alliant has agreed to pay a maximum of $1,000,000 (one million dollars) into a Common Fund. The amount remaining in the Common Fund after deducting all attorneys' fees and costs of litigation, an incentive award to Plaintiff, and all related costs of notice and claims administration is the Claims Fund. That Claims Fund will be distributed equally to all Settlement Class members that submit valid claims. Any person in the Settlement Class that submits a valid claim will receive a cash amount in settlement of the case. The amount paid to each person for their claim will depend on the total amount of claims submitted because the Claims Fund will be divided on a *pro rata* basis, with each person submitting a valid claim receiving an equal amount of the Claims Fund. The Settlement also calls for payment of certain costs from that Settlement Fund: the costs of notice and claims administration (estimated to be up to approximately $150,000); an $8,500 incentive payment paid to the Class Representative, subject to Court Approval; litigation expenses and costs of approximately $30,000; and attorneys' fees of up to $250,000 (not to exceed 25% of the Common Fund), subject to Court approval. After those amounts are deducted, each of the submitted claims shall be paid on a pro-rata basis from the amounts remaining.

To make a claim, you can either:
1. Call Gilardi & Co., the Claims Administrator at [#]; or
2. Submit a claim on the Claims Administrator's website [fill in]; or
3. Mail a completed claim form to the Claims Administrator at Gilardi & Co., Alliant Settlement, 3301 Kerner Blvd., San Rafael, CA 94901. To obtain a claim form, you can call the Claims Administrator at [#} or go to their website and print a claim form.
In each option, you must provide your name and current mailing address for mailing the payment. In case of conflicting identities you may be required to confirm your identify by providing the last four digits of your social security number.

**In the limited number of cases where the name of the owner of the cell phone called by Alliant is unknown, and your name is not on the list of cell phone owners but you believe you were called by Alliant since June 25, 2006, you will be required to provide your cell phone number that was called by Alliant in order to submit a claim.**

Your address and other current information provided to Gilardi & Co. will not be provided to Alliant for collecting any debts but will be kept confidential by and used only by the Claims Administrator for processing your claim.

Upon final approval of the Settlement, the Action will be dismissed with prejudice and the individual plaintiff and Class Members who do not request exclusion from the Class will be deemed to release and forever discharge Alliant and related persons and entities from any and all claims arising from the facts alleged in the Action

that they have and/or could assert against Allinat for the alleged violation of the TCPA.

Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| ~~Do Nothing~~<br>Make a Claim | Stay in the lawsuit. If the Court approves the settlement, you will be eligible to make a claim for a monetary settlement in an amount that is unknown at present, but will be based upon the number of claims submitted, and the Claims Fund will divided on an equal, or pro rata, basis. The more claims that are received, the less the individual's recovery, and vice versa. |
| Go to a Hearing | Ask to speak in Court about the fairness of the settlement. |
| Object | Write to the Court and explain why you don't like the settlement. |
| Exclude Yourself | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Alliant relating to the legal claims in this case. |

These rights and options – and the deadlines to exercise them – are explained in this notice. The Court in charge of this case still has to decide whether to approve the settlement.

# WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

BASIC INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    1. Why did I get a post-card with a Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    2. What is this lawsuit about? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    3. What is a class action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
    4. Why is there a settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .5
    5. Am I eligible to be part of the settlement? . . . . . . . . . . . . . . . . . . . . . . . . . .6

THE SETTLEMENT BENEFITS – WHAT YOU GET
    6. What does the settlement provide? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .6

HOW YOU GET THE MONETARY PAYMENT
    7. How can I get a monetary payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .7
    8. When would I get my payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    9. What am I giving up by getting my monetary payment and staying in the Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

EXCLUDINGYOURSELF FROM THE SETTLEMENT

    10.  How do I get out of the settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    11.  If I don't exclude myself, can I sue the Defendant Alliant for the same thing later? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    12.  If I exclude myself, can I get the monetary payment? . . . . . . . . . . . . . . . . . .9

THE LAWYERS REPRESENTING YOU

    13.  Do I have a lawyer in this case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    14.  How will the lawyer be paid and what other costs are there to be paid and by whom? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

OBJECTING TO THE SETTLEMENT

    15.  If I want to object to the settlement, how do I do so? . . . . . . . . . . . . . . . . .10

    16.  What's the difference between "objecting" and "excluding yourself?" . . . . 11

THE COURT'S FAIRNESS HEARING

    17.  When and where will the Court decide whether to give final approval to the settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11

    18.  Do I have to come to the hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11

    19.  What if I want my own lawyer to attend the fairness hearing? . . . . . . . . . . 11

IF YOU DO NOTHING

    20.  What happens if I do nothing at all? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

GET MORE INFORMATION

    21.  Are there more details about the settlement? . . . . . . . . . . . . . . . . . . . . . . .12

# **BASIC INFORMATION**

## 1.    If I received a post-card with a Notice, why was I sent that Notice? Why was a Notice published in a newspaper?

The Notices are intended to advise Class Members of a settlement of a Class action lawsuit.  The Telephone Consumer Protection Act ("TCPA"), including 47 U.S.C. Section 227(b)(1)(A)(iii) prohibits calls to cell phones with an automatic telephone dialing system (autodialer) or by a prerecorded voice message without the called party's prior express consent. Plaintiff has sued Alliant for allegedly calling people on their cellular telephones, either with an automatic telephone dialing system or by a prerecorded voice message between June 25, 2006 to the present  (the "Class Period").

Without admitting liability, Alliant  has agreed to settle Plaintiff's Lawsuit by agreeing to pay the sum of $1,000,000.00 (one million dollars) (the "Common Fund") for full settlement of all claims for the calls made by Alliant to the 137,981 unique cell phone numbers Alliant called in the Class period, including all related costs and attorneys' fees.

4

From that Common Fund, the money shall be used to 1) pay the owners of each of the 137,981 unique cell phone numbers identified as having been called in the Class Period a sum of money in an amount that is presently unknown but will depend on the amount of valid claims submitted; 2) pay all costs related to the litigation in this matter, estimated to be approximately $30,000; 3) pay an incentive award to Plaintiff Patrick Grannan in the amount of $8,500.00 for his efforts in bringing about this result, subject to Court approval; 4) pay all costs of notice to the Class including publishing notice, and all costs of Claims Administration, estimated to not exceed $150,000; and 5) pay attorneys' fees to Class Counsel in an amount not to exceed 25% of the Common Fund ($250,000), subject to Court approval.

The parties to this Lawsuit have agreed that if you were the owner of the cell phone whose cell phone numbers are on the list of the 137,981 cell phones called by Alliant during the Class Period, you are entitled to make a claim for compensation for such alleged illegal conduct in this case.

Therefore, if you received a post-card directing you to either access this website or to call Gilardi & Co., that means Alliant's records indicate that you were one of the persons to which the 137,981 unique cell phone numbers were assigned when they were called by Alliant during the Class Period.

There is another way to qualify to make a claim for a portion of the settlement proceeds even if you did not receive a post card notice, because some of the unique cell phone numbers called by Alliant do not list a name or address of the owner of the number. Therefore, if you have reason to believe you were called by Alliant during the Class Period, and your name is not on the list of owners of the 137,981 unique cell phones called, you must provide your cell phone number that you believe was called by Alliant to the Claims Administrator. If your cell phone number is on that list, then you will be able to make a claim. If it is not on the list, you will not be able to make a claim.

The Court has given a preliminary approval to this proposed settlement and at that time ordered the post-card notice to be sent to you, and this Notice to be placed on the website. As a Class Member, you have a right to know about a proposed settlement of a class action lawsuit, and about all your options, before the Court decides whether to give final approval to the settlement. If the Court approves it, payment of the settlement will be made.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the U.S. District Court, Northern District of California, San Jose Division, and the case is known as *Patrick Grannan v. Alliant Law Group, PC,* Case No. C 10-02803 HRL. Patrick Grannan, , the person who sued, is called the Plaintiff, and the company he sued, Alliant Law Group, PC, is called the Defendant.

5

## 2. What is the lawsuit about?

Plaintiff alleges that Alliant violated the TCPA by illegally calling persons on their cell phones between June 25, 2006 and the date of Preliminary Approval of the Settlement with either an automatic telephone dialing system or by a prerecorded voice message, or both, without that person's prior express consent. It has been determined there are 137,981 unique cell phone numbers called by Alliant during the Class Period, and the owners of those cell phones called are the Class Members. Plaintiff sought statutory damages as set forth in the statute prohibiting the conduct, of up $500 for each call negligently made and up to $1,500 for each call made intentionally. Defendant denies it violated the statute by making calls in violation of the TCPA, but admits it made calls to cell phones.

## 3. What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiff Patrick Grannan), sue on behalf of people who have similar claims. All these people are a "Class" or, in other words, "Class Members." One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class. U.S. Magistrate Judge Howard R. Lloyd is the judge assigned to this lawsuit. He is the judge who will decide whether the Settlement should be given final approval.

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or the Defendant. Instead, both sides have voluntarily agreed to a settlement before any trial which provides for several benefits: Alliant has agreed to settle Plaintiff's Lawsuit by agreeing to pay the sum of $1,000,000.00 (one million dollars) (the "Common Fund") for full settlement of all claims for the calls made by Alliant to the 137,981 unique cell phone numbers Alliant called in the Class Period, including all related costs and attorneys' fees.

From that Common Fund, the money shall be used to 1) pay the owners of each of the 137,981 unique cell phone numbers identified as having been called in the Class Period a sum of money, in an amount that is presently unknown but will depend on the amount of valid claims submitted; 2) pay all costs related to the litigation in this matter, estimated to be approximately $30,000; 3) pay an incentive award to Plaintiff Patrick Grannan in the amount of $8,500.00 for his efforts in bringing about this result, subject to Court approval; 4) pay all costs of notice to the Class including publishing notice, and all costs of Claims Administration, estimated to not exceed $150,000; and 5) pay attorneys' fees to Class Counsel in an amount not to exceed 25% of the Common Fund ($250,000), subject to Court approval. Upon taking all matters into consideration, the Class Representative and his attorneys think the settlement is in the best interests of all Class Members.

## 5.    Am I eligible to be part of the settlement?

The Parties agreed and the Judge confirmed that the following persons should be included in the monetary portion of the Settlement:

> All persons within the United States to whom any telephone calls were made by Alliant or any of the other Released Parties between June 25, 2006 and the date of Preliminary Approval to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or by the use of an artificial or prerecorded voice, without such person's prior express consent. That Class consists of the owners of those 137,981 number of unique cell phones when they were called in that time period and thus those persons are the only persons in the Settlement Class, as provided in discovery, and agreed upon in a final list of Class members and as agreed upon as Class members by the Parties.

If you received a post-card Notice mailed directly to you, it means our records indicate that you may fit this description, and thus are a "Class Member." If you did not receive a post-card notice mailed directly to you, and you believe you might be a Class member, you can find out by calling the Claims Administrator and providing your cell phone number that you believe may have been called by Alliant during the Class Period.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6.    What does the settlement provide?

Each Class Member who has not requested to exclude himself or herself ("opted out") from the settlement will receive a monetary payment. The exact amount of money to be paid each claimant cannot be determined at this time as it will depend upon the number of valid claims submitted. The Claims Fund will be divided equally among those persons submitting valid claims.

To settle this lawsuit, Alliant has agreed to pay a maximum of $1,000,000 (one million dollars) into a Common Fund. The amount remaining in the Common Fund after deducting all attorneys' fees and costs of litigation, an incentive award to Plaintiff, and all related costs of notice and claims administration, and all other case-related expenses, is the Claims Fund. That Claims Fund is estimated to be in the range of approximately $562,000, if other estimates are accurate and the Court approves the fees and costs requested. That Claims Fund will be distributed equally to all Settlement Class members that submit valid claims.

7

## 7. How can I get the monetary payment?

The only requirement in order for you to be entitled to receive the monetary payment from the Claims Fund is to be a Settlement Class Member and to submit a valid claim. You are such a Settlement Class Member if your cell phone number is on the list of the 137,981 unique cell phones called by Alliant during the Class Period, and your name is listed as the owner of that cell phone at the time Alliant called that cell phone during the Class Period. If you were the owner of the unique cell phone number called at the time it was called by Alliant, according to the list of 137,981 numbers owned by Class Members, you are entitled to submit a claim for payment.

In the limited number of cases where the cell phone number called by Alliant is known, but the name of the owner of that cell phone is unknown, and your name is not on the list of cell phone owners but you believe you were called on your cell phone by Alliant since June 25, 2006, you will be required to provide your cell phone number that was called by Alliant in order to submit a claim. If that number matches a number on the list of the 137,981 cell phone numbers called by Alliant, and that number does not belong to another known claimant, you will be allowed to submit a claim.

You can obtain the monetary payment pursuant to this settlement by either:
          1) calling the Claims Administrator Gilardi & Co. LLP at its toll-free number (_____) during the hours of 9:00 a.m. and 9:00 p.m. EST;
          2) submitting a claim online at this website; or
          3) submitting a claim in writing and mailing it to the Claims Administrator.

There is only one claim allowed per unique cell phone number on the list of 137,981 cell phone numbers called. To prove you are a Settlement Class member, you need to provide only limited information to the Claims Administrator. In order to confirm your name is on the list of 137,981 numbers owned by Class Members, you need only provide to the Claims administrator the following information about yourself: (1) your name and, if you received the postcard notice, the identifying number from the postcard notice; and (2) your current address for mailing the Settlement payment, if different from the postcard notice address.

In the case of conflicting identities, or if we do not have your name associated with any cell phone number called by Alliant during the Class Period, or if other of your information does not match our data, you may be required to provide other identifying information. That may include but not be limited to the cell phone number that you owned at the time it was called by Alliant, a prior address we have on record, or other information the Claims Administrator may require to verify you were the owner of the unique cell phone number called, at the time it was called by Alliant, according to the list of 137,981 cell phone numbers owned by Class Members.

You may also provide a current telephone number if you agree to do so, in order to allow the Claims Administrator to contact you if there are any problems.

Upon making a claim, the only requirement in order for you to be entitled to receive the monetary payment from the Settlement Fund is whether your cell phone number is on the list of the 137,981 unique cell phones called by Alliant during the Class Period, and / or your name is listed as the owner of that cell phone.

**The Settlement Agreement incorporated in the Court's Order provides that none of the information you give to the Claims Administrator is going to be given to Alliant, including any updated addresses or telephone numbers.** Therefore, if you believe you might still owe money to Alliant or one of its creditors for whom it might collect, participating in this Settlement and /or providing current contact information will not negatively affect you in Alliant's collection efforts against you.

## 8. When would I get my payment?

The Court will hold a hearing on _____, 2011, to decide whether to grant final approval of the settlement. If Magistrate Judge Lloyd grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling. If so, the Claims Administrator will attempt to pay all claims within 30 days of that date, i.e., 60 days from the Court's ruling. Also, there may be appeals. If so, the approval order does not take effect until those appeals are resolved. It's always uncertain whether and when these appeals can be resolved, and resolving them can take time, perhaps more than a year. If that occurs, please be patient.

## 9. What am I giving up to get my monetary payment and by staying in the Class?

As an eligible Class Member, unless you exclude yourself, you are a member of the Class. That means that you cannot sue, or be part of any other lawsuit against the Defendant Alliant about the issues relating in any way to the facts alleged in this case, including the fact that Alliant called you on your cellular telephone and any TCPA claim you might have against them arising during the Class Period. It also means that all of the Court's orders will apply to you and legally bind you. All Class Members will be bound by a "Release of Claims," a copy of which is attached as an Appendix to this notice. The Release of Claims describes exactly the legal claims that you give up as a member of the Class. Please carefully read the Release of Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this settlement, or you want to keep the right to sue or continue to sue the Defendant Alliant on your own, about the legal issues in this case, then you must take steps to get out of the settlement. This is called "excluding yourself" from or "opting out" of the Class.

## 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Patrick Grannan v. Alliant Law Group, PC*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, _____, [ 10 days after the Claims Period deadline] to the Claims Administrator at the following address:

> Alliant Lawsuit
> Gilardi & Co, LLC
> 3301 Kerner Blvd.
> San Rafael, CA 94901

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## 11. If I don't exclude myself, can I sue the Defendant Alliant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant Alliant for the claims that this settlement resolves. If you have a pending lawsuit against either or both of these entities, and you are not certain if that lawsuit is about any of the issues in this case, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

## 12. If I exclude myself, can I get the monetary payment?

No.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

Douglas J. Campion, of The Law Offices of Douglas J. Campion, of San Diego, California, has been approved by the Court to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately for this lawyer as Class Counsel will be paid from the Common Fund paid by Alliant to settle this case. The Court has to approve of that request. If you want to be personally represented by your own lawyer, you may hire one at your expense.

**14. How will the lawyer be paid and what other costs are there to be paid and by whom?**

Class Counsel intends to request at the Final Approval hearing that the Court award up to 25% of the Common Fund as attorneys' fees ($250,000), and also to be reimbursed for costs of litigation, all to be paid from the $1,000,000 Common Fund. Alliant has agreed not to object to any request for attorneys' fees that is for that amount, or less. The Court has to approve of that request.

Class Counsel intends to ask for an award of costs of litigation and other related costs incurred in litigation this matter, including expert witness fees, travel costs, issuing press releases, service fees, and other costs. Class Counsel believes that all such costs will be less than $30,000.

In addition, Class Counsel will seek approval of the amount of $8,500 to be paid from the Settlement Fund to the class representative Patrick Grannan for his efforts in bringing and assisting in the litigation of this case.

Class Counsel will also seek Court approval of the costs of giving Notice and providing claims administration in this case, estimated to be up to the amount of $150,000, depending on the number of claims and other factors.

# OBJECTING TO THE SETTLEMENT

**15. If I want to object to the settlement, how do I do so?**

As a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the *Patrick Grannan v. Alliant Law Group, PC* settlement, and include the Case No. C 10-02803 HRL. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the following addresses no later than _____[ 10 days after the Claims Period deadline].

Clerk of the Court
U.S. District Court
Northern District of California
280 South 1st Street,
San Jose, CA 95113

Alliant Lawsuit
Gilardi & Co, LLC
3301 Kerner Blvd.
San Rafael, CA 94901

You may also ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Grannan v. Alliant Law Group, PC,* Case No. C 10-02803 HRL. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, _____, [ 10 days after the Claims Period deadline] and be sent to the Court address above, and Class Counsel and Defendant's counsel at the following addresses.

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, California 92108


Bruce D. MacLeod, Esq.
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando St., Suite 400
San Jose, CA 95113


You cannot object or speak at the hearing if you "excluded yourself" from the Class.

## 16. What's the difference between "objecting" and "excluding yourself?"

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the settlement. You may attend and you may speak, but you don't have to. The hearing is called a Fairness Hearing or Final Approval Hearing.

## 17. When and where will the Court decide whether to give final approval to the settlement?

The Court will hold a final Fairness Hearing on _____, 2011 at U. S. District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, 95113 before the Honorable Howard R. Lloyd, U.S. Magistrate Judge. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. If

anyone has asked to speak at the hearing, Judge Lloyd will listen to them at that time. The Court will decide after the hearing whether to approve the settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs that Class Counsel seek for their representation of the Class, and to the incentive payment to be provided to the Class representative for bringing and litigating this action. We do not know how long these decisions will take.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Lloyd may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 19. What if I want my own lawyer to attend the fairness hearing?

At your own expense, you may have your own lawyer appear for you if you like. If you hire your own lawyer, that lawyer must send a Notice of Appearance which is postmarked no later than _____, _____[ 10 days after the Claims Period deadline]. The Notice of Appearance must be sent to the Clerk of the Court, Class Counsel and Defendant's counsel at the following addresses:

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, California 92108


Bruce D. MacLeod, Esq.
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando St., Suite 400
San Jose, CA 95113

## IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a claim.


You will also be precluded from being part of any other lawsuit against the Defendant Alliant about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

# GET MORE INFORMATION

## 21.   Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement, which is part of the Court file, a public record. You can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Grannan v. Alliant Law Group, PC,* Case No. C 10-02803 HRL, at the Clerk's office at the U.S. District Court, Northern District of California, San Jose Division, 280 South 1ˢᵗ Street, San Jose, California, 95113. The clerk's office has the ability to make copies of any such public documents for you. Also, all filed documents in the case, including the settlement documents, are available for viewing online through the Court's Pacer document review system.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

**Dated:** _____                    **By Order of The U. S. District Court**

                                               **San Jose, California**

# APPENDIX

## Release of Claims

As of the Effective Date, Plaintiff and the Settlement Class members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, as defined herein, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

Upon execution of this Agreement, Plaintiff fully, finally, and forever settles, releases, and discharges the Released Parties from any remaining claims that he may have against the Released Parties, as defined herein.

**"Released Parties".** "Released Parties" means, individually or collectively, as applicable, Alliant, its respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, partners, customers, vendors, contracting parties, clients, successors, predecessors-in interest, and insurers, as well as any of the prior, current and future respective officers, directors, employees, representatives, agents, shareholders, independent contractors, attorneys, accountants, investment advisers, or vendors of any of the foregoing, and anyone else acting on behalf of any of the foregoing. "Released Parties" does not include Bay Area Credit Service.

**"Released Claims".** "Released Claims" means every claim, right, demand, liability or cause of action of every nature and description whatsoever including, but not limited to, any and all rights, duties, obligations, claims, actions, causes of action, accounts, agreements, contracts, controversies, covenants, damages, debts, demands, dues, executions, judgments, liabilities, liens, promises, suits, sums of money, or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, Unknown Claims, statutory, equitable, constitutional, contractual, or common law claims for damages, unpaid costs, fines, penalties, taxes, liquidated damages, statutory damages, nominal damages, punitive damages, multiplied damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief as of the Effective Date that were or could have been alleged or asserted by Plaintiffs or any Class Member against Defendant or any other Released Party in the Litigation or in any other court action or before any administrative or governmental body or agency (including any federal or state regulatory commission), tribunal, arbitration panel, or self-regulatory organization on the basis of, connected with, arising out of, or related to, in whole or in part:

    1) Any and all of the acts, omissions, facts, matters, events, transactions, occurrences, violations and/or circumstances that were directly or indirectly alleged, asserted, described, set forth or referred to in, or related to, the allegations relating to the alleged TCPA violations claimed in the Litigation; or

2) Any and all of the acts, omissions, facts, matters, events, transactions, occurrences, violations and/or circumstances that arise out of or are related in any way to the conduct of Alliant or anyone acting on its behalf, including any of the other Released Parties, alleged as violations of the TCPA in contacting or attempting to contact any Class Member using an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make a call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call" without "prior express consent" (to the fullest extent that those terms are used in, defined by or interpreted under the TCPA or any relevant judicial, regulatory or administrative rulings, regulations, promulgations or case law) or that arise out of or relate in any way to the administration of the Settlement.

**"Releases".** As part of the consideration for the Settlement, it is agreed that, upon the Effective Date, the Plaintiff and the Class Members shall be deemed to have fully and finally released Alliant and all other Released Parties from any and all Released Claims, including Unknown Claims, as defined herein. Upon the Effective Date, Alliant shall be deemed to have provided a full and complete release to Plaintiff as described herein.

1) **Release by Class Members**. Upon the Effective Date, each Class Member and his or her respective heirs, beneficiaries, executors, administrators, representatives, estates, past and present agents, attorneys, partners, predecessors-in-interest, successors and assigns shall be deemed, by operation of law, to forever release, remise, acquit, satisfy, and discharge Alliant and each other Released Party from the Released Claims, including Unknown Claims, both as defined herein.

2) **Release by Alliant.** Upon the Effective Date, Alliant and each of its officers, directors, agents, subsidiaries, parent companies and affiliates shall be deemed, by operation of law, to forever release, remise, acquit, satisfy, and discharge Plaintiff, Class Counsel, and their agents and attorneys from any claims or liabilities arising out of the institution, prosecution or settlement of the Litigation, except for claims to enforce the Settlement or this Stipulation.

**Release of Unknown Claims.** In connection with the release provided, Class Members, through the Class Notice, acknowledge that they are aware that they may hereafter discover facts, claims, rights, or causes of action presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the purpose of this Stipulation and the Settlement, and the intention of the Class Members, to settle and release all such matters, and all actions, causes, causes of action, claims, and rights of any kind whatsoever relating to the subject matter of the Litigation which exist, hereafter may exist, or might have existed, whether or not previously or currently asserted in any action (collectively, "Unknown Claims"). The Class Members expressly understand and agree that this Stipulation releases all claims arising prior to the Effective Date of every nature and kind whatsoever relating to the facts set forth in the Complaint relating to any TCPA claims they might have, whether known to them or not. With

respect to any and all Released Claims, including the Unknown Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code Section 1542, which provides:

> GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties further stipulate and agree that, upon the Effective Date, Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the U.S., or any principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.

The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties.