** E-filed January 24, 2012 **

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GRANNAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANT LAW GROUP, P.C.,<br><br>Defendant. | CASE NO. CV 10 – 02803 HRL<br><br>**CLASS ACTION**<br><br>**STIPULATED INJUNCTION**<br><br>MAGISTRATE JUDGE HOWARD R. LLOYD<br><br>Hearing Date:  November 1, 2011<br>Time:          10:00 a.m.<br>Courtroom:     2 |

Plaintiff Patrick Grannan and defendant Alliant Law Group, PC, (hereinafter referred to as "Alliant"), jointly submit this Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

For purposes of this Stipulated Injunction, Plaintiff and Alliant (hereinafter jointly referred

to as the "Parties") agree upon the following predicate procedural history and facts:

A. On June 25, 2010, a class action complaint (the Complaint") was filed in the Litigation asserting class claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Specifically, Plaintiff alleged that Alliant violated the TCPA by calling cellular telephones, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

B. Specifically, Plaintiff alleged that Alliant violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

C. Alliant denied any and all liability asserted in the Lawsuit.

D. Following settlement discussions, the Parties reached a settlement. The final settlement is set forth in the Parties' Stipulation of Settlement and Release filed with the Court.

E. Alliant is no longer in the business of collections and is not presently making collection calls that might be assisted by an autodialer or by using pre-recorded voice messages.

F. Alliant, without admitting any liability as to any of the allegations, acknowledges that Plaintiff's claims are the sole catalyst for entering into this Stipulated Injunction.

WHEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, that the following injunction be entered by the Court without further notice or process:

1. <u>Verification that Numbers Called Are Not Cellular Telephone Numbers</u> – If Alliant resumes a business involving collections and uses an automatic telephone dialing system or uses prerecorded voice messages, Alliant shall use procedures to verify before calling a cell phone number whether such phone number is a cell phone number. That shall be done by "scrubbing" such lists of potential numbers, that is, comparing such numbers to be called to commercially available lists of known cell phone numbers, or by any such other commercially feasible manner to achieve the same result. If any such telephone number is determined to be a cell phone number, Alliant agrees that it will not call such number by an automatic telephone dialing system or with a

prerecorded voice message, as prohibited by 47 U.S.C. Section 227 *et seq.*

2. <u>Duration of Injunction</u> - The Stipulated Injunction will lapse and expire 12 (twelve) months after the Entry of the Final Judgment and Order of Dismissal.

IT IS SO STIPULATED.

DATED: 10-24-2011

_GREGORY J. MILLER_
_PRESIDENT_
[NAME]

ALLIANT LAW GROUP, PC

Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone:   (619) 299-2091
Facsimile:   (619) 858-0034

Attorneys for Plaintiff and the Settlement Class

WILLOUGHBY, STUART & BENING, INC.
Bruce D. MacLeod
50 W. San Fernando St., Suite 400
San Jose, CA 95113

Bruce D. MacLeod

**ORDER**

IT IS SO ORDERED.

DATED: January 24, 2012

THE HONORABLE HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE